# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | |
|---|---|
| LUIS RANGEL, SETH ADOMAKO, CHRISTINA CABELLO,  ELISABETH NGUYEN, JOSE SANCHEZ, CHRISTAL TURNER, MELISSA WILSON, MARTIN OLOYEDE, NATHALIE YEKA, TRISTEN WILSON, TERRELL WHITE, DAVID W. JESSOP, DENAIRIUS ROBINSON II, EMRAN ALHYASAT, TERESA ANAYA, TIFFANY BROWN, MED CULLINS, KEVIN D. EARLS, TYHESSIA ELLIS, CRYSTAL HAYDEN, RHONDA JAMES, EMMANUEL MAKARI, CHRISTOPHER MARTIN, CATHERINE MCCARTY, ROSHAWN SAMPSON, VICTOR SEKGANTSO, MARK DAVIS, CANDACE D. SMITH, LATASHA SOLOMON, ALAN TA, GEORGE VAN-LARE, SAUL VEGA, ROSALINDA A. VELA ESCOBAR, JUSTIN WIGGINS, PATRICK ACHEAMPONG, JOANNA AGUILERA, SHAWN J. AUSTIN, KINNEY BARCUCH, YOUNGHEE BERMINGHAM, , NINA BURNS, CHRISTIAN BURROW, MIKE DEAN, FRANKIE EARLY JR., SHARONDA FORD, JAYSON FOX, COURTNEY FRAZIER, JENNIFER GAILLEY, RYAN GRIZZLE, JEREMY HENGY, LISA HOWARD, NATHANIEL JONES, DERRICK KEITH, PROSPER KISWAGA, NORMA MARTINEZ-CANTU, KASANDRA MCGHEE, GODFREY MOMANYI, MICHELLE ORR, LAWRENCE OWONIKOKO, ANDRES SALAZAR, KIMBERLY SEARCY, LACHANNA SNEED, SCOTT SULLIVAN, JULIO VALENCIA, MIRANDA VAN COLEN, EDWARD WATTS, CARL WAYNE WILLIAMS, SEAN WILLIAMS, GLADYS BERISTAIN, WILLIE GARRET, RICHARD SHAW, TREVOR REED, | **CIVIL ACTION NO**.<br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>1.    **VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (Tex. Bus. & Com. Code §§ 17.41** *et seq.***)**<br><br>2.    **FRAUD**<br><br>3.    **NEGLIGENT MISREPRESENTATION**<br><br>4.    **RESTITUTION FOR UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**HEATHER MICHELLE EMMONS,**

                    Plaintiffs,

vs.

**ADTALEM GLOBAL EDUCATION, INC.
formerly known as DEVRY EDUCATION
GROUP, INC. and DEVRY UNIVERSITY,
INC.**

                    Defendants.

Plaintiffs complain and allege as follows:

## INTRODUCTION

1.      This lawsuit seeks damages from Defendants for violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), fraud, negligent misrepresentations, and restitution for unjust enrichment against Defendants ADTALEM GLOBAL EDUCATION, INC. and DEVRY UNIVERSITY INC. Defendants misrepresented the benefits of graduating from DeVry University, Inc. Defendants falsely and misleadingly advertised the employment rate and income rate of their graduates to induce potential students to enroll in their educational courses, and to remain students through graduation. Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because

a substantial part of the events or omissions giving rise to the claims occurred in this district, and pursuant to 28 U.S.C. §1391(d) because Defendants have sufficient contacts with this district to be subject to personal jurisdiction.

## **PARTIES**

4.      Plaintiff Luis Rangel was, at all relevant times, a Texas resident.  Plaintiff Luis Rangel enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Luis Rangel did not obtain employment in the field of study within six months of graduation.

5.      Plaintiff Seth Adomako was, at all relevant times, a Texas resident.  Plaintiff Seth Adomako enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Seth Adomako did not obtain employment in the field of study within six months of graduation.

6.      Plaintiff Christina Cabello was, at all relevant times, a Texas resident.  Plaintiff Christina Cabello enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Christina Cabello did not obtain employment in the field of study within six months of graduation.

7.      Plaintiff Elisabeth Nguyen was, at all relevant times, a Texas resident.  Plaintiff Elisabeth Nguyen enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Elisabeth Nguyen did not obtain employment in the field of study within six months of graduation.

8.      Plaintiff Jose Sanchez was, at all relevant times, a Texas resident.  Plaintiff Jose Sanchez enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Jose Sanchez did not obtain employment in the field of study within six months of graduation.

9.      Plaintiff Christal Turner was, at all relevant times, a Texas resident.  Plaintiff Christal Turner enrolled in and remained a student of DeVry University, Inc. until graduation in

reliance on representations by Defendants. Plaintiff Christal Turner did not obtain employment in the field of study within six months of graduation.

10.      Plaintiff Melissa Wilson was, at all relevant times, a Texas resident.  Plaintiff Melissa Wilson enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Melissa Wilson did not obtain employment in the field of study within six months of graduation.

11.      Plaintiff Martin Oloyede was, at all relevant times, a Texas resident.  Plaintiff Martin Oloyede enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Martin Oloyede did not obtain employment in the field of study within six months of graduation.

12.      Plaintiff Nathalie Yeka was, at all relevant times, a Texas resident.  Plaintiff Nathalie Yeka   enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Nathalie Yeka did not obtain employment in the field of study within six months of graduation.

13.      Plaintiff Tristen Wilson was, at all relevant times, a Texas resident.  Plaintiff Tristen Wilson enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Tristen Wilson did not obtain employment in the field of study within six months of graduation.

14.      Plaintiff Terrell White was, at all relevant times, a Texas resident.  Plaintiff Terrell White enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Terrell White did not obtain employment in the field of study within six months of graduation.

15.      Plaintiff David W. Jessop was, at all relevant times, a Texas resident.  Plaintiff David W. Jessop enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. David W. Jessop White did not obtain employment in the field of study within six months of graduation.

16.      Plaintiff Denairius Robinson II was, at all relevant times, a Texas resident.  Plaintiff

Denairius Robinson II enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Denairius Robinson II did not obtain employment in the field of study within six months of graduation.

17.     Plaintiff Emran Alhyasat was, at all relevant times, a Texas resident.  Plaintiff Emran Alhyasat enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Emran Alhyasat did not obtain employment in the field of study within six months of graduation.

18.     Plaintiff Teresa Anaya was, at all relevant times, a Texas resident.  Plaintiff Teresa Anaya enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Teresa Anaya did not obtain employment in the field of study within six months of graduation.

19.     Plaintiff Tiffany Brown was, at all relevant times, a Texas resident.  Plaintiff Tiffany Brown enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Tiffany Brown did not obtain employment in the field of study within six months of graduation.

20.     Plaintiff Med Cullins was, at all relevant times, a Texas resident.  Plaintiff Med Cullins enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Med Cullins did not obtain employment in the field of study within six months of graduation.

21.     Plaintiff Kevin D. Earls was, at all relevant times, a Texas resident.  Plaintiff Kevin D. Earls enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Kevin D. Earls did not obtain employment in the field of study within six months of graduation.

22.     Plaintiff Tyhessia Ellis was, at all relevant times, a Texas resident.  Plaintiff Tyhessia Ellis enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Tyhessia Ellis did not obtain employment in the field of study within six months of graduation.

23.     Plaintiff Crystal Hayden was, at all relevant times, a Texas resident.  Plaintiff Crystal Hayden enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Crystal Hayden did not obtain employment in the field of study within six months of graduation.

24.     Plaintiff Rhonda James was, at all relevant times, a Texas resident.  Plaintiff Rhonda James enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Rhonda James did not obtain employment in the field of study within six months of graduation.

25.     Plaintiff Emmanuel Makari was, at all relevant times, a Texas resident.  Plaintiff Emmanuel Makari enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Emmanuel Makari did not obtain employment in the field of study within six months of graduation.

26.     Plaintiff Christopher Martin was, at all relevant times, a Texas resident.  Plaintiff Christopher Martin enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Christopher Martin did not obtain employment in the field of study within six months of graduation.

27.     Plaintiff Catherine McCarty was, at all relevant times, a Texas resident.  Plaintiff Catherine McCarty enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Catherine McCarty did not obtain employment in the field of study within six months of graduation.

28.     Plaintiff Roshawn Sampson was, at all relevant times, a Texas resident.  Plaintiff Roshawn Sampson enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Roshawn Sampson did not obtain employment in the field of study within six months of graduation.

29.     Plaintiff Victor Sekgantso was, at all relevant times, a Texas resident.  Plaintiff Victor Sekgantso enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Victor Sekgantso did not obtain employment

in the field of study within six months of graduation.

30.     Plaintiff Mark Davis was, at all relevant times, a Texas resident.  Plaintiff Mark Davis enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Mark Davis did not obtain employment in the field of study within six months of graduation.

31.     Plaintiff Candace D. Smith was, at all relevant times, a Texas resident.  Plaintiff Candace D. Smith enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Candace D. Smith did not obtain employment in the field of study within six months of graduation.

32.     Plaintiff Latasha Solomon was, at all relevant times, a Texas resident.  Plaintiff Latasha Solomon enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Latasha Solomon did not obtain employment in the field of study within six months of graduation.

33.     Plaintiff Alan Ta was, at all relevant times, a Texas resident.  Plaintiff Alan Ta enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Alan Ta did not obtain employment in the field of study within six months of graduation.

34.     Plaintiff George Van-Lare was, at all relevant times, a Texas resident.  Plaintiff George Van-Lare enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff George Van-Lare did not obtain employment in the field of study within six months of graduation.

35.     Plaintiff Saul Vega was, at all relevant times, a Texas resident.  Plaintiff Saul Vega enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Saul Vega did not obtain employment in the field of study within six months of graduation.

36.     Plaintiff Rosalinda A. Vela Escobar was, at all relevant times, a Texas resident. Plaintiff Rosalinda A. Vela Escobar enrolled in and remained a student of DeVry University, Inc.

until graduation in reliance on representations by Defendants. Plaintiff Rosalinda A. Vela Escobar did not obtain employment in the field of study within six months of graduation.

37.     Plaintiff Justin Wiggins was, at all relevant times, a Texas resident.  Plaintiff Justin Wiggins enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Justin Wiggins did not obtain employment in the field of study within six months of graduation.

38.     Plaintiff Patrick Acheampong was, at all relevant times, a Texas resident.  Plaintiff Patrick Acheampong enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Patrick Acheampong did not obtain employment in the field of study within six months of graduation.

39.     Plaintiff Joanna Aguilera was, at all relevant times, a Texas resident.  Plaintiff Joanna Aguilera enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Joanna Aguilera did not obtain employment in the field of study within six months of graduation.

40.     Plaintiff Shawn J. Austin was, at all relevant times, a Texas resident.  Plaintiff Shawn J. Austin enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Shawn J. Austin did not obtain employment in the field of study within six months of graduation.

41.     Plaintiff Kinney Barcuch was, at all relevant times, a Texas resident.  Plaintiff Kinney Barcuch enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Kinney Barcuch did not obtain employment in the field of study within six months of graduation.

42.     Plaintiff Younghee Bermingham was, at all relevant times, a Texas resident. Plaintiff Younghee Bermingham enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Younghee Bermingham did not obtain employment in the field of study within six months of graduation.

43.     Plaintiff Nina Burns was, at all relevant times, a Texas resident.  Plaintiff Nina

Burns enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Nina Burns did not obtain employment in the field of study within six months of graduation.

44.     Plaintiff Christian Burrow was, at all relevant times, a Texas resident.  Plaintiff Christian Burrow enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Christian Burrow did not obtain employment in the field of study within six months of graduation.

45.     Plaintiff Mike Dean was, at all relevant times, a Texas resident.  Plaintiff Mike Dean enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Mike Dean did not obtain employment in the field of study within six months of graduation.

46.     Plaintiff Frankie Early Jr. was, at all relevant times, a Texas resident.  Plaintiff Frankie Early Jr enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Frankie Early Jr did not obtain employment in the field of study within six months of graduation.

47.     Plaintiff Sharonda Ford was, at all relevant times, a Texas resident. Plaintiff Sharonda Ford enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Sharonda Ford did not obtain employment in the field of study within six months of graduation.

48.     Plaintiff Jayson Fox was, at all relevant times, a Texas resident. Plaintiff Jayson Fox enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Jayson Fox did not obtain employment in the field of study within six months of graduation.

49.     Plaintiff Courtney Frazier was, at all relevant times, a Texas resident. Plaintiff Courtney Frazier enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Courtney Frazier did not obtain employment in the field of study within six months of graduation.

50.    Plaintiff Jennifer Gailley was, at all relevant times, a Texas resident. Plaintiff Jennifer Gailley enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Jennifer Gailley did not obtain employment in the field of study within six months of graduation.

51.    Plaintiff Ryan Grizzle was, at all relevant times, a Texas resident. Plaintiff Ryan Grizzle enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Ryan Grizzle did not obtain employment in the field of study within six months of graduation.

52.    Plaintiff Jeremy Hengy was, at all relevant times, a Texas resident. Plaintiff Jeremy Hengy enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Jeremy Hengy did not obtain employment in the field of study within six months of graduation.

53.    Plaintiff Lisa Grizzle was, at all relevant times, a Texas resident. Plaintiff Lisa Grizzle enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Lisa Grizzle did not obtain employment in the field of study within six months of graduation.

54.    Plaintiff Nathaniel Jones was, at all relevant times, a Texas resident. Plaintiff Nathaniel Jones enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Nathaniel Jones did not obtain employment in the field of study within six months of graduation.

55.    Plaintiff Derrick Keith was, at all relevant times, a Texas resident. Plaintiff Derrick Keith enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Derrick Keith did not obtain employment in the field of study within six months of graduation.

56.    Plaintiff Prosper Kiswaga was, at all relevant times, a Texas resident. Plaintiff Prosper Kiswaga enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Prosper Kiswaga did not obtain employment

in the field of study within six months of graduation.

57.     Plaintiff Norma Martinez-Cantu was, at all relevant times, a Texas resident. Plaintiff Norma Martinez-Cantu enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Norma Martinez-Cantu did not obtain employment in the field of study within six months of graduation.

58.     Plaintiff Kasandra McGhee was, at all relevant times, a Texas resident. Plaintiff Kasandra McGhee enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Kasandra McGhee did not obtain employment in the field of study within six months of graduation.

59.     Plaintiff Godfrey Momanyi was, at all relevant times, a Texas resident. Plaintiff Godfrey Momanyi enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Godfrey Momanyi did not obtain employment in the field of study within six months of graduation.

60.     Plaintiff Michelle Orr was, at all relevant times, a Texas resident. Plaintiff Michelle Orr enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Michelle Orr did not obtain employment in the field of study within six months of graduation.

61.     Plaintiff Lawrence Owonikoko was, at all relevant times, a Texas resident. Plaintiff Lawrence Owonikoko enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Lawrence Owonikoko did not obtain employment in the field of study within six months of graduation.

62.     Plaintiff Andres Salazar was, at all relevant times, a Texas resident. Plaintiff Andres Salazar enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Andres Salazar did not obtain employment in the field of study within six months of graduation.

63.     Plaintiff Kimberly Searcy was, at all relevant times, a Texas resident. Plaintiff Kimberly Searcy enrolled in and remained a student of DeVry University, Inc. until graduation in

reliance on representations by Defendants. Plaintiff Kimberly Searcy did not obtain employment in the field of study within six months of graduation.

64.     Plaintiff Lachanna Sneed was, at all relevant times, a Texas resident. Plaintiff Lachanna Sneed enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Lachanna Sneed did not obtain employment in the field of study within six months of graduation.

65.     Plaintiff Scott Sullivan was, at all relevant times, a Texas resident. Plaintiff Scott Sullivan enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Scott Sullivan did not obtain employment in the field of study within six months of graduation.

66.     Plaintiff Julio Valencia was, at all relevant times, a Texas resident. Plaintiff Julio Valencia enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Julio Valencia did not obtain employment in the field of study within six months of graduation.

67.     Plaintiff Miranda Van Colen was, at all relevant times, a Texas resident. Plaintiff Miranda Van Colen enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Miranda Van Colen did not obtain employment in the field of study within six months of graduation.

68.     Plaintiff Edward Watts was, at all relevant times, a Texas resident. Plaintiff Edward Watts enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Edward Watts did not obtain employment in the field of study within six months of graduation.

69.     Plaintiff Carl Wayne Williams was, at all relevant times, a Texas resident. Plaintiff Carl Wayne Williams enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Carl Wayne Williams did not obtain employment in the field of study within six months of graduation.

70.     Plaintiff Sean Williams was, at all relevant times, a Texas resident. Plaintiff Sean

Williams enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Sean Williams did not obtain employment in the field of study within six months of graduation.

71.     Plaintiff Gladys Beristain was, at all relevant times, a Texas resident. Plaintiff Gladys Beristain enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Gladys Beristain did not obtain employment in the field of study within six months of graduation.

72.     Plaintiff Willie Garret was, at all relevant times, a Texas resident. Plaintiff Willie Garret enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Willie Garret did not obtain employment in the field of study within six months of graduation.

73.     Plaintiff Richard Shaw was, at all relevant times, a Texas resident. Plaintiff Richard Shaw enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Richard Shaw did not obtain employment in the field of study within six months of graduation.

74.     Plaintiff Trevor Reed was, at all relevant times, a Texas resident. Plaintiff Trevor Reed enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Trevor Reed did not obtain employment in the field of study within six months of graduation.

75.     Plaintiff Heather Michelle Emmons was, at all relevant times, a Texas resident. Plaintiff Heather Michelle Emmons enrolled in and remained a student of DeVry University, Inc. until graduation in reliance on representations by Defendants. Plaintiff Heather Michelle Emmons did not obtain employment in the field of study within six months of graduation.

76.     Defendant Adtalem Education Group, Inc. (hereinafter "Adtalem") is a publicly traded Delaware corporation with its principle place of business at 3005 Highland Parkway, Downers Grove, Illinois 60515.  Adtalem was formerly known as DeVry Education Group, Inc., which was formerly known as DeVry, Inc.  Adtalem transacts or has transacted business in this

district and throughout the United States.  At all times material to this Complaint, with respect to the acts and practices of DeVry University, Inc. identified below, Adtalem dominated or controlled those acts and practices, knew of or approved those acts and practices, and/or benefitted from those acts and practices.

77.     Defendant DeVry University, Inc., including its Keller School of Management (hereinafter "DeVry"), is a Delaware corporation that is a subsidiary of Adtalem, with its principle place of business at 3005 Highland Parkway, Downers Grove, Illinois 60515.  DeVry transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, DeVry has advertised, marketed, distributed, or sold educational products and services to consumers, throughout the United States, including to Plaintiffs. Adtalem and DeVry are collectively referred to as "Defendants."

## FACTS COMMON TO CAUSES OF ACTION

78.     Plaintiffs were persuaded to attend Defendants' educational institutions in Texas, and some attended Devry institutions located within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

79.     Adtalem has at all relevant times operated DeVry, including its Keller School of Management, a private, for-profit postsecondary educational institution with campuses throughout the United States, and at times has had as many as 96 campuses. DeVry also offered online classes and degree programs.

80.     Annual new-student enrollment between 2008 and 2014 ranged from approximately 29,000 to 49,000.More than 870,000 students have reportedly enrolled at DeVry since 1975.

81.     Adtalem's total gross revenues between 2008 and mid-2015 reportedly exceeded $14.5 billion. DeVry's gross revenues between 2008 and mid-2015 exceeded $8.6 billion.

82.     In each fiscal year between and including 2011 and 2014, DeVry spent more than

$135 million on advertising, marketing, or other promotion of its educational products and services.

83.     Defendants misrepresented the benefits of obtaining a degree from DeVry in advertising, marketing, or other promotion of its educational products and services. The advertising, marketing, or other promotion included statements such as "90% of all graduates in the active job market had careers in their fields within six months" and "90% of our **grads** actively seeking employment **had careers** in 6 months." Defendants also targeted Spanish language markets with similar statements, such as "el 90% de nuestros **graduados** que buscaron empleo de forma activa **ejercian su carrera** en 6 meses." Although Defendants slightly varied the wording and percentages in their statements, the consistent message was that a very high percentage of Defendants' graduates obtained a good job in their field of study within six months of graduation. Such statements will hereinafter be referred to as the "90% Representations."

84.     The 90% Representations were made through various means such as television, internet webpages, YouTube, brochures, print advertisements, and in person by Defendants' employees.

85.     Defendants also represented that DeVry graduates would earn more money with statements such as "An education that pays" and "One year after graduation, DeVry University grads report earning 15% more than median earnings reported by all other bachelor's degree graduates." Such statements will be referred to hereinafter as the "Higher Earnings Representations."

86.     In fact, Defendants' representations were false and misleading.

87.     Defendants' actions led to a lawsuit filed by the Federal Trade Commission to enjoin the deceptive trade practices. *See Federal Trade Commission v. DeVry Education Group, Inc., et al.,* Case No. 2:16-cv-579, C.D. Cal., filed January 27, 2016 and reported as settled December 2016.

88.     Defendants intended that plaintiffs rely on the 90% Representations and the Higher Earnings Representations when deciding to enroll in DeVry and/or to continue their studies with DeVry through graduation.

89.     Plaintiffs reasonably relied on Defendants' representations in making their decision to enroll and/or to continue their studies through graduation.

90.     As a result of the reasonable reliance by each named Plaintiff, Plaintiffs incurred extensive financial harm, and other damages.

## FIRST CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES ACT

91.     Plaintiffs incorporate paragraphs 1 through 89 of this Complaint as though fully alleged herein.

92.     Defendants misrepresented the benefits of obtaining a degree from DeVry in advertising, marketing, or other promotion of its educational products and services. The 90% Representations—that 90% of Defendants' graduates were employed in their field within six months of graduation— were made through various means such as television, internet webpages, YouTube, brochures, print advertisements, and in person by Defendants' employees. The 90% Representations were false, misleading, and deceptive. Defendants' Higher Earnings Representations were also false, misleading, and deceptive. Plaintiffs reasonably relied on Defendants' representations in deciding to enroll in and/or to continue their studies at DeVry through graduation. Plaintiffs did not obtain employment or a career in their field of study within six months of graduation.

93.     Plaintiffs are consumers as defined in the DTPA in that Plaintiffs sought or acquired educational products and services by purchase in the transactions on which Plaintiffs' claims are based.

94.     Plaintiffs each delivered to Defendants a demand letter detailing their claims for

damages, including the amount of the claim, together with a demand for reasonable attorney's fees and expenses to the date of the letter. Therefore, all conditions precedent to Plaintiffs' recovery in this action have been performed or have occurred.

95.     Defendants have not tendered payment or presented an adequate offer of settlement in writing in response to Plaintiffs' demand letters.

96.     Defendants knowingly or intentionally engaged in false, misleading, or deceptive practices in the transactions described above, which were a producing cause of damages to Plaintiffs. Defendants' conduct took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree so as to be a producing cause of damages to Plaintiffs.

97.     As a result of Defendants' conduct, Plaintiffs have been injured in that they paid tuition, purchased books and supplies, incurred debt, and attended classes in reliance on Defendants' representations. Plaintiffs have also suffered mental anguish as a result of Defendants' conduct.

98.     To pursue this claim against Defendants, Plaintiffs had to retain The Carlson Law Firm, PC as attorneys and agreed to pay that law firm reasonable fees for their services in maintaining Plaintiffs' claims. Plaintiffs are entitled to recover those fees from Defendants under Section 17.50(d) of the Texas Business and Commerce Code.

## SECOND CAUSE OF ACTION
### FRAUD

99.     Plaintiffs incorporate paragraphs 1 through 97 of this Complaint as though fully alleged herein.

100.     Defendants made material representations to Plaintiffs about the employment rate of DeVry graduates. The 90% Representations—that 90% of Defendants' graduates were employed in their field of study within six months of graduation—were made through various

means such as television, internet webpages, YouTube, brochures, print advertisements, and in person by Defendants' employees.

101.    Defendants' representations about the employment rate of DeVry graduates were false.

102.    Defendants also represented that DeVry graduates would earn more money with statements such as "An education that pays" and "One year after graduation, DeVry University grads report earning 15% more than median earnings reported by all other bachelor's degree graduates."

103.    The Higher Earnings Representations were also false.

104.    When the representations were made, Defendants either knew that they were false or made the representations recklessly without knowledge of the truth and as a positive assertion.

105.    Defendants made the 90% Representations and Higher Earnings representations with the intent that Plaintiffs should act on them by enrolling in DeVry and/or continuing their studies with DeVry through graduation.

106.    Plaintiffs acted in reliance on Defendants' representations in making their decision to enroll and/or continue their studies with Defendants through graduation. Plaintiffs did not obtain employment or a career in their field of study within six months of graduation.

107.    Plaintiffs thereby suffered damages.


### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION


108.    Plaintiffs incorporate paragraphs 1 through 106 of this Complaint as though fully alleged herein.

109.    In the course of their business, Defendants' supplied false information about the benefits of obtaining a degree from DeVry in advertising, marketing, or other promotion of its

educational products and services. Defendants supplied false information about the employment rate of its graduates, the 90% Representations, for the guidance of others.

110. In the course of their business, Defendants also represented that DeVry graduates would earn more money with statements such as "An education that pays" and "One year after graduation, DeVry University grads report earning 15% more than median earnings reported by all other bachelor's degree graduates"—the Higher Earnings representations.

111. Although Defendants may claim to have believed that the 90% Representations and Higher Earnings Representations were true, Defendants did not exercise reasonable care or competence in obtaining or communicating the information.

112. Plaintiffs justifiably relied on Defendants' representations in deciding to enroll and/or continue their studies with Defendants through graduation.

113. Plaintiffs did not obtain employment or a career in their field of study within six months of graduation, and Defendants' negligent misrepresentations proximately caused Plaintiffs' injuries and damages.

## FOURTH CAUSE OF ACTION
### RESTITUTION FOR UNJUST ENRICHMENT

114. Plaintiffs incorporate paragraphs 1 through 112 of this Complaint as though fully alleged herein.

115. Defendants obtained benefits from Plaintiffs in the form of monies paid for tuition, fees, and other costs associated with enrolling in and continuing to pursue studies at DeVry through graduation.

116. Defendants misrepresented the benefits of obtaining a degree from DeVry. Defendants represented that 90% of Defendants' graduates were employed in their field of study within six months of graduation.

117. Defendants' representations about the employment rate of DeVry graduates were

false.

**118.**   Defendants also represented that DeVry graduates would earn more money with statements such as "An education that pays" and "One year after graduation, DeVry University grads report earning 15% more than median earnings reported by all other bachelor's degree graduates."

**119.**   The Higher Earnings Representations were also false.

**120.**   As such, Defendants have been unjustly enriched through wrongfully obtaining benefits from Plaintiffs by fraud and/or the taking of undue advantage of Plaintiffs.

**121.**   Plaintiffs are therefore entitled to restitution for unjust enrichment

## <u>DEMAND FOR JURY TRIAL</u>

**122.**   In accordance with Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all issues.

## <u>PRAYER FOR RELIEF</u>

Therefore, Plaintiffs respectfully request that Defendants be cited to appear and answer, and that on final hearing, Plaintiffs have:

a. Economic damages;

b. Mental anguish damages;

c. Additional DTPA damages of three times each plaintiff's economic and mental anguish damages;

d. Attorney's fees through entry of final judgment in this action;

e. Restitution;

f. Prejudgment and postjudgment interest;

g. Costs of this suit; and

h. Any other relief that the Court finds proper.

Respectfully submitted,

**The Carlson Law Firm, P.C.**
1717 N. Interstate Highway 35, Suite 305
Round Rock, Texas 78664
Phone: (512) 671-7277
Fax:    (512) 238-0275

By:    /s/ John R. Fabry
       **John R. Fabry, Of Counsel**
       Texas Bar No. 06768480

       JFabry@carlsonattorneys.com


       **Luis Muñoz**
       Texas Bar No. 24081056
       LMunoz@carlsonattorneys.com


       **Attorneys for Plaintiffs**