IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MR. LUIS RANGEL, SETH ADOMAKO, CHRISTINA CABELLO, ELISABETH NGUYEN, JOSE SANCHEZ, CHRISTAL TURNER, MELISSA WILSON, MARTIN OLOYEDE, NATHALIE YEKA, TRISTEN WILSON, TERRELL WHITE, DAVID W. JESSOP, DENAIRIUS ROBINSONII, EMRAN ALHYASAT, TERESA ANAYA, TIFFANY BROWN, MED CULLINS, KEVIN D. EARLS, TYHESSIA ELLIS, CRYSTAL HAYDEN, RHONDA JAMES, EMMANUEL MAKARI, CHRISTOPHER MARTIN, CATHERINE MCCARTY, ROSHAWN SAMPSON, VICTOR SEKGANTSO, MARK DAVIS, CANDACE D. SMITH, LATASHA SOLOMON, ALAN TA, GEORGE VAN-LARE, SAUL VEGA, ROSALINDA A VELA ESCOBAR, JUSTIN WIGGINS, PATRICK ACHEAMPONG, JOANNA AGUILERA, SHAWN J. AUSTIN, KINNEY BARCUCH, YOUNGHEE BERMINGHAM, NINA BURNS, CHRISTIAN BURROW, MIKE DEAN, FRANKIE EARLYJR., SHARONDA FORD, JAYSON FOX, COURTNEY FRAZIER, JENNIFER GAILLEY, RYAN GRIZZLE, JEREMY HENGY, LISA HOWARD, NATHANIEL JONES, DERRICK KEITH, PROSPER KISWAGA, NORMA MARTINEZ-CANTU, KASANDRA MCGHEE, GODFREY MOMANYI, MICHELLE ORR, LAWRENCE OWONIKOKO, ANDRES SALAZAR, KIMBERLY SEARCY, LACHANNA SNEED, SCOTT SULLIVAN, JULIO VALENCIA, MIRANDA VAN COLEN, EDWARD WATTS, WAYNE CARL WILLIAMS, SEAN WILLIAMS, GLADYS BERISTAIN, WILLIE GARRET, RICHARD SHAW, TREVOR REED, HEATHER MICHELLE EMMONS, *Plaintiffs*, vs. ADTALEM GLOBAL EDUCATION, INC., FORMERLY KNOWN AS DEVRY EDUCATION GROUP, INC.; AND DEVRY UNIVERSITY, INC., *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL NO. SA-18-CV-0082-DAE |

1

# ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiffs' Motion for Reconsideration of the Order Granting Defendants' Motion for Protective Order [#36]. The motion was referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on September 27, 2018. In considering the motion, the Court has also reviewed Defendants' Response to Plaintiffs' Motion [#38]. The Court will deny the motion.

Plaintiffs ask the Court to reconsider its Order [#33], dated September 21, 2018, staying all discovery in this case pending a resolution of Defendants' motion to dismiss. The Court granted the motion as unopposed because Plaintiffs failed to file any response in opposition by September 7, 2018, the date a response was due. *See* Loc. R. 7(e)(2). In denying Plaintiffs' motion, the Court also noted the breadth of Plaintiffs' discovery requests and the prohibition on using early discovery to aid a plaintiff in pleading claims governed by Rule 9(b)'s heightened pleading standard. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002); *Whaley v. Ocwen Loan Servicing, LLC*, 2017 WL 8896873, at n.1 (W.D. Tex. Nov. 6, 2017), *report and recommendation adopted*, 2017 WL 8939950 (W.D. Tex. Dec. 1, 2017) (internal quotation omitted)). Plaintiffs now argue that their negligent misrepresentation claim is not governed by Rule 9(b), in contrast to their fraud claim, and therefore should not be subject to the stay.

Plaintiffs' argument should have been made in a timely response in opposition to the motion to stay discovery. The Court will not entertain the argument now. Additionally, even if the argument had been raised in a timely manner, the Court would not have allowed the parties to engage in the piecemeal discovery requested by Plaintiffs for several reasons. First, Rule 9(b)

often does apply to negligent misrepresentation claims. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims.").

Moreover, even if Rule 9(b) did not apply to Plaintiffs' negligent misrepresentation claim, the Court would still not allow Plaintiffs to attempt to carve out discrete discovery related only to this claim. Plaintiffs' discovery as to their negligent misrepresentation claim is likely to overlap at least partially, if not completely, with the discovery related to their fraud claim, and piecemeal discovery would only lead to further disputes over the scope of the discovery process. Accordingly, pursuant to Rule 26(c), the Court reaffirms that the more efficient manner to handle discovery in this case is to stay all discovery in this lawsuit until Defendants' motion to dismiss has been resolved. *See* Fed. R. Civ. P. 26(c)(1) (authorizing a district court to stay discovery for good cause shown); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (noting that staying discovery pursuant to Rule 26(c) pending a ruling on a motion to dismiss is appropriate in a case where "it might preclude the need for discovery altogether thus saving time and expense").

Thus, in accordance with the foregoing:

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration of the Order Granting Defendants' Motion for Protective Order [#36] is **DENIED**.

SIGNED this 11th day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE