UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS RANGEL, et al., | § | No.  5:18-CV-00082-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| ADTALEM GOLBAL EDUCATION, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| *Consolidated with*: | § | |
| | § | |
| TROY LINDEBERG, et al. | § | No. 5:18-CV-00649-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| ADTALEM GLOBAL EDUCIATION | § | |
| INC., et al. | § | |
| | § | |
| Defendants. | | |

ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT'S MOTION
TO DISMISS (DKT. # 41)

Before the Court is Defendants Adtalem Global Education Inc.

("Adtalem") and DeVry University, Inc.'s ("DeVry") (collectively, "Defendants")

Re-Filed Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint for Failure to State

a Claim.  (Dkt. # 41.)

1

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda and exhibits filed in support of and in opposition to the motion and the supplemental authorities provided by the parties, the Court, for the reasons that follow, **GRANTS WITH LEAVE TO AMEND** Defendants' Motion to Dismiss.

<u>BACKGROUND</u>

Plaintiffs are former students of Defendants' for-profit university, DeVry,[1] who allege violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, negligent misrepresentation, and unjust enrichment by DeVry and Adtalem.  (Dkt. # 11.)  Plaintiffs' complaint states that they enrolled at DeVry because of marketing representations boasting about the high rate at which former graduates of the school found employment in their chosen fields.  (<u>See</u> Dkt. # 11 at 1–52.)  Plaintiffs claim that those representations were false and misled them into purchasing DeVry's educational products and services.  (Dkt. # 11 at 2.)  Plaintiffs rely on two specific advertisements produced by DeVry.  (Dkt. # 11 at 2, 3.)  The first ad (the "Standard 90% Ad") relied upon by Plaintiffs boasts that 90% of DeVry University graduates who were actively seeking employment obtained careers in their chosen field of study within six months of graduation.  (Dkt. # 11 at

---

[1] Defendant DeVry is a subsidiary of Defendant Adtalem.  (Dkt. # 11 at 52.)

2, 54.)  Specifically, Plaintiffs contend that the Standard 90% Ad: (1) included graduates that had continued with the jobs they had prior to attending DeVry; (2) included graduates that were not employed in their chosen fields; and (3) excluded graduates who were unsuccessful in obtaining jobs after graduation.  (Dkt. # 11 at 54–56.)  The second ad (the "Higher Income Ad") represented that DeVry graduates obtain higher paying jobs than graduates of other universities.  (Dkt. # 11 at 3, 54.)  Plaintiffs allege that the Standard 90% Ad and the Higher Income Ad (collectively, "the Ads"), which were produced in various media forms and utilized by DeVry employees in marketing the university, were a central reason for why Plaintiffs enrolled at DeVry and why they chose to remain students there.  (Dkt. # 11 at 1–52, 61.)  Plaintiffs contend that if they had known that the Ads were false, they would not have enrolled at DeVry.  (Id.)

Plaintiffs contend that the Standard 90% Ad's representations are not true. (Dkt. # 11 at 2–3.)  Plaintiffs' information and belief is based on allegations from the lawsuits and investigations conducted by the Federal Trade Commission ("FTC Investigation"), the Department of Education, the attorneys general of New York and Massachusetts, and DeVry shareholders.  (Dkt. # 11 at 3, 55–59.)  The allegations are that: (1) DeVry included a substantial number of graduates who should not have been included in reaching the 90% figure, and that the FTC Investigation's files do not substantiate DeVry's claims (Dkt. # 11 at 55); (2)

3

DeVry padded the employment rate by counting as employed graduates who worked at jobs they had before attending DeVry and graduates whose jobs are not reasonably considered to be in their chosen field (Dkt. # 11 at 56); and therefore (3) these unreasonable methods distorted the employment rate, which was "markedly" below 90% (Dkt. # 11 at 55–57).  As a result of a settlement with the FTC, DeVry had to stop using the 90% representations in its advertising campaign in December 2016.  (Dkt. # 11 at 56.)

On January 25, 2018, sixty-seven plaintiffs ("Plaintiffs") filed the initial suit (Cause No. 5:18-CV-82) against Defendants in this Court alleging violations of the DTPA, fraud, negligent misrepresentations, restitution for unjust enrichment and requesting attorney's fees.  (Dkt. # 1.)  On May 8, 2018, Plaintiffs filed their amended complaint, the operative complaint in this case.  (Dkt. # 11.)  On December 7, 2018, the Court consolidated the original case with a related case (Cause No. 5:18-CV-649).  (Dkt. # 40.)  Defendants filed their motion to dismiss on December 18, 2018.  (Id.)  On January 2, 2019, some of the named plaintiffs filed a response in opposition to the motion, as well as a motion to intervene.  (Dkts. ## 43, 44.)  On January 10, 2019, Defendants filed a reply in support of their motion.  (Dkt. # 48.)  On January 11, 2019, the Court granted the motion to intervene.  (Dkt. # 50.)  On February 7, 2019, Defendants filed a stipulation that this motion to dismiss applies to the complaint in intervention as well.  (Dkt. # 53.)

On February 19, 2019, Defendants filed a notice of supplemental authority.  (Dkt. # 54.)  On February 25, 2019, Plaintiffs (including those joined in intervention) filed a response to Defendant's notice of supplemental authority.  (Dkt. # 56.)  On March 1, 2019, Plaintiffs filed a notice of supplemental authority.  (Dkt. # 57.)  On March 7, 2019, Defendants filed an objection to Plaintiff's notice of supplemental authority.  (Dkt. # 58.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Comm's Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

DISCUSSION

Defendants motion to dismiss argues that: (1) Plaintiffs have failed to demonstrate a causal nexus between Defendants' alleged representations and Plaintiffs' injuries and damages sufficient to state claims either for tort violations or under the DTPA; (2) Plaintiffs' pleadings do not meet the particularity requirements of Rule 9(b) governing allegations of fraud; (3) Plaintiff's DTPA and unjust enrichment claims are improperly pled because there is no allegation of an express contract; and (4) Plaintiffs claims against Adtalem must fail as there is no allegation of any misconduct by Adtalem, only by DeVry.  (Dkt. # 41 at 3.) Because the Court concludes that Defendants are correct with regard to the particularity requirements of Rule 9(b), and correct that those requirements apply to the negligent misrepresentation and DTPA claims, the Court does not reach Defendant's other arguments with regard to the DTPA.  The Court further concludes that Defendants are correct regarding clarification of Adtalem's role.

I.      Federal Rule of Civil Procedure 9(b)

Typically, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 9(b), however, imposes a heightened level of pleading for fraud claims: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity." Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th

Cir. 1994).  Although the particularity demanded by Rule 9(b) differs with the facts

of each case, see Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), a

plaintiff pleading fraud must set forth "the who, what, when, and where…before

access to the discovery process is granted."  Williams v. WMX Technologies,

Inc., 112 F.3d 175, 178 (5th Cir. 1997).  Further, "general allegations, which lump

all defendants together failing to segregate the alleged wrongdoing of one from

those of another do not meet the requirements of Rule 9(b)."  In re Urcarco Sec.

Lit., 148 F.R.D. 561, 569 (N.D. Tex 1993), aff'd, Melder v. Morris, 27 F.3d 1097

(5th Cir. 1994). Anything less fails to provide defendants with adequate notice of

the nature and grounds of the claim. See Tuchman, 14 F.3d at 1067.

The Fifth Circuit further explained that, "[a]lthough Rule 9(b)

expressly allows scienter to be 'averred generally,' simple allegations that

defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he

plaintiffs must set forth specific facts supporting an inference of fraud."  Dorsey v.

Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks

and citations omitted; emphasis in original). "Facts that show a defendant's motive

to commit the fraud may sometimes provide a factual background adequate for an

inference of fraudulent intent."  United States ex rel. Willard v. Humana Health

Plan of Texas, Inc., 336 F.3d 375, 385 (5th Cir. 2003) (citing Rule 9(b)).  Further,

"[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, "where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." Id. at 385.

The only other federal district court to have ruled on this specific issue in a substantially similar suit granted DeVry's motion to dismiss in that case based on Rule 9(b)'s particularity requirement. Polly v. Adtalem Global Education, Inc., 16-CV-9754, 2019 WL 587409 at *3 (N.D. Ill. Feb. 13, 2019). The Court finds that Rule 9(b) applies to Plaintiffs' claims.

A. Fraud

The elements of common law fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the person who made it knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party did act upon it; and (6) the party thereby suffered injury. Fraser v. Purnell, No. 05-13-01269-CV, 2015 Tex. App. LEXIS 7684, 2015 WL 4481702, at *3 (Tex. App.—Dallas July 23, 2015).

Plaintiffs allege that Defendants made material representations to Plaintiffs about the employment rate of DeVry graduates and that graduates would

earn more money after graduation.  (Dkt. # 11 at 60.)  Plaintiffs assert that both Ads were false; Defendants either knew the Ads were false or made recklessly without knowledge of the truth; Defendants made the Ads with intent that Plaintiff act on them by enrolling in DeVry and continuing their studies until graduation; Plaintiffs did rely on the Ads and thereby suffered damages when they did not obtain a career in their chosen field of study within six months of graduation. (Dkt. # 11 at 60–61.)  Defendants' motion argues that in spite of presenting these allegations Plaintiffs have failed to meet the particularity requirement—the who, what, when, where and how—of Rule 9(b)'s heightened pleading standards.  (See Dkt. # 41 at 11.)

Each Plaintiff alleges that an advisor of DeVry repeated the Standard 90% representation during the enrollment process on a DeVry campus.  (See Dkt. # 11 at 1–52.)  Except for Plaintiff Christal Turner, each Plaintiff has failed to identify a specific person who made an allegedly fraudulent representation.  See Herrera v. QBE Specialty Ins. Co., No. 3:13-CV-01206-O, 2013 WL 121703050 at *3–4 (N.D. Tex. July 8, 2018) (dismissing fraud claim for failure to identify the person who made the alleged fraudulent representations).  Although the allegations in the petition state where some of the representations were made—various DeVry campuses—the petition fails to identify the specifics of each representation or when the representations were made.  See Flaherty & Crumrine Preferred Income

Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009); Williams v. WMX

Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997) (adhering to strict Rule 9(b)

interpretation, requiring a plaintiff to specify the statements contended to be

fraudulent, identify the speaker, state when and where the statements were made,

and explain why the statements were fraudulent).

Plaintiffs and Defendants agree that there were various forms of the

Ads transmitted through various mediums; Defendants assert, therefore, that it is

important for Plaintiffs to identify which representations each Plaintiff relied upon

because, for instance, the Higher Income Ad representations only applied to

graduates pursuing bachelors degrees.  (See Dkt. # 41 at 12 n.7.)

The Court agrees with Defendants that which form of the Ads each

Plaintiff saw, and which statement was specifically relied upon, is central to each

fraud allegation.  See Polly, 2019 WL 587409 at *4 (because the parties agree that

there are various forms of the ads, and "plaintiffs are the only ones who know what

they saw" the specific statements relied upon are integral to the complaint).

Further, because numerous Plaintiffs obtained masters and associates degrees who

claimed to have relied upon the Higher Income Ad, and the Higher Income Ad

only applies to those seeking bachelors degrees, Plaintiffs must state with

specificity what representations they relied upon, though they were not seeking the

degree advertised.  (See Dkt. # 11 at 1–52.)  Accordingly, the Court finds that

11

Plaintiffs' amended complaint fails to state claims of fraud with the particularity required by Rule 9(b) with regard to which specific ads and claims each Plaintiff relied upon, and that Plaintiffs who received non-bachelors degrees from DeVry must state which claims in the Higher Income Ad they specifically relied upon, as that ad does not appear to apply to them.  See Polly, 2019 WL 587409 at *4. Further, for those Plaintiffs relying on statements made in-person, Plaintiffs must state with particularity who made what misrepresentations and when they were made.

   B.  Negligent Misrepresentation

   District courts in the Fifth Circuit have applied Rule 9(b) to claims of negligent misrepresentation when the "fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim."  See Benchmark Elecs. v. J.M. Huber Corp., 343 F.3d 719 (5th Cir. 2003) (holding that where parties do not urge a separate focus between fraud and negligent misrepresentation claims, Rule 9(b)'s heightened requirements apply to both claims); see also Collin Cty. v. Sungard Pub. Sector, Inc., Case No. 4:14CV364, 2015 WL 5853169, at *4 (E.D. Tex. Sept. 29, 2015) (unpublished) (quoting Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am., 362 F. Supp.2d 744, 752 (N.D. Tex. 2005)).

12

Such is the case here.  Plaintiffs' claims for negligent misrepresentation rely on their fraud claims.  A cause of action for negligent misrepresentation requires showing that an entity, in the course of its business, or in any transaction in which it has a pecuniary interest, supplied false information for the guidance of others.  If a plaintiff can show the above, the defendant is subject to liability for pecuniary loss caused by a plaintiff's justifiable reliance on the information, if the defendant failed to to exercise reasonable care or competence in obtaining or communicating the information.  Penn-America Ins. Co. v. Zertuche, 770 F. Supp. 2d 832, 840 (W.D. Tex. 2011).  Plaintiffs allege that Defendants supplied false information about the benefits of obtaining a degree from DeVry through its advertising, that they relied upon the false information, and that Defendants did not exercise reasonable care in "obtaining or communicating the information." (Dkt. # 11 at 61–62.)  These allegations rest squarely on their fraud claims with regard to the advertisements: the alleged false statements underlying the negligent misrepresentation claim are the fraudulent ads related to common law fraud claim.  (Dkt. # 11 at 60–61.)  Accordingly, Plaintiffs' allegations that the representations in the ads were false and misleading fail under Rule 9(b) for the same reasons the fraud claims do: Rule 9(b) requires Plaintiffs to allege, specifically, which claims were fraudulent, which, in this case, requires those graduates alleging that the Higher Income Ad was a negligent

13

misrepresentation to show that they signed up at DeVry for a bachelor's degree, rather than a masters or associates degree, or alternatively to plead specifically which claims within the ad they relied upon in order to state a viable claim for relief.  (See supra at p. 12.)

### C.  Violations of the DTPA

District courts in the Fifth Circuit have also applied Rule 9(b) to claims alleging violations of the DTPA where the crux of the claim is fraud.  See Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734 (S.D. Tex. 1998); Jay Freeman Co. v. Glens Falls Ins. Co., 486 F. Supp. 140, 141 n.1 (N.D. Tex. 1980) (noting district court's dismissal of plaintiff's DTPA claims without prejudice for failure to comply with Rule 9(b)); Waters v. State Farm Mut. Auto Ins. Co., 158 F.R.D. 107 (S.D. Tex. 1994) (dismissing plaintiffs' actions alleging fraud and violations of the DTPA for failing to satisfy the requirements of Rule 9(b)). Accordingly, the Court finds that Rule 9(b)'s pleading standards apply to Plaintiffs' DTPA claims, because the DTPA claims are premised on the fraudulent nature of the advertisements.  Benchmark Electronics, Inc., v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003).  Again, Plaintiffs must plead with specificity which statements within each ad were relied upon by each Plaintiff.

D. Failure to State a Claim Against Adtalem

Defendants also argue that Plaintiffs have failed to allege any actionable conduct by Adtalem that rises beyond "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. (See Dkt. # 24 at 14.) The Court agrees. Plaintiffs allege in their operative complaint that Adtalem "dominated or controlled" DeVry's advertising practices, "knew of or approved" of those practices, and "benefitted from" those practices. (Dkt. # 11 at 52.) Further, the complaint alleges that Adtalem disseminated the challenged advertisements. (Id.) Plaintiffs must provide more than mere conclusions to show that Adtalem was in control of or benefited from DeVry's advertising practices.

E. Unjust Enrichment

Because the particularity requirements of Rule 9(b) have not been satisfied, and because Plaintiffs' unjust enrichment claims are predicated on their DTPA claims, the unjust enrichment claims in their current iteration cannot be ruled upon. Should Plaintiffs adequately plead their DTPA claims with more specificity, the Court can then consider whether, under the DTPA, unjust enrichment is available as a remedy.

15

F. <u>Leave to Amend</u>

In light of the foregoing, the Court will allow Plaintiffs leave to amend their complaint to comply with the pleading requirements of Rule 9(b) and to provide facts to underly their conclusions regarding Adtalem's role.

CONCLUSION

Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Defendants' motion to dismiss.  (Dkt. # 41.)  The Court will give Plaintiffs leave to amend their complaint within **FORTY-FIVE (45)** days of the date of this order. Failure to amend within forty-five days will result in dismissal of Plaintiffs' claims.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 23, 2019.

_____

David Alan Ezra
Senior United States Distict Judge

16