IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MR. LUIS RANGEL, SETH ADOMAKO, CHRISTINA CABELLO, ELISABETH NGUYEN, JOSE SANCHEZ, CHRISTAL TURNER, MELISSA WILSON, MARTIN OLOYEDE, NATHALIE YEKA, TRISTEN WILSON, TERRELL WHITE, DAVID W. JESSOP, DENAIRIUS ROBINSONII, EMRAN ALHYASAT, TERESA ANAYA, TIFFANY BROWN, MED CULLINS, KEVIN D. EARLS, TYHESSIA ELLIS, CRYSTAL HAYDEN, RHONDA JAMES, EMMANUEL MAKARI, CHRISTOPHER MARTIN, CATHERINE MCCARTY, ROSHAWN SAMPSON, VICTOR SEKGANTSO, MARK DAVIS, CANDACE D. SMITH, LATASHA SOLOMON, ALAN TA, GEORGE VAN-LARE, SAUL VEGA, ROSALINDA A VELA ESCOBAR, JUSTIN WIGGINS, PATRICK ACHEAMPONG, JOANNA AGUILERA, SHAWN J. AUSTIN, KINNEY BARCUCH, YOUNGHEE BERMINGHAM, NINA BURNS, CHRISTIAN BURROW, MIKE DEAN, FRANKIE EARLYJR., SHARONDA FORD, JAYSON FOX, COURTNEY FRAZIER, JENNIFER GAILLEY, RYAN GRIZZLE, JEREMY HENGY, LISA HOWARD, NATHANIEL JONES, DERRICK KEITH, PROSPER KISWAGA, NORMA MARTINEZ-CANTU, KASANDRA MCGHEE, GODFREY MOMANYI, MICHELLE ORR, LAWRENCE OWONIKOKO, ANDRES SALAZAR, KIMBERLY SEARCY, LACHANNA SNEED, SCOTT SULLIVAN, JULIO VALENCIA, MIRANDA VAN COLEN, EDWARD WATTS, WAYNE CARL WILLIAMS, SEAN WILLIAMS, GLADYS BERISTAIN, WILLIE GARRET, RICHARD SHAW, TREVOR REED, HEATHER MICHELLE EMMONS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | SA-18-CV-00082-JKP |
| *Plaintiffs,* | § § | |
| vs. | § | |

1

| | § |
|---|---|
| ADTALEM GLOBAL EDUCATION, | § |
| INC., FORMERLY KNOWN AS DEVRY | § |
| EDUCATION GROUP, INC.; AND | § |
| DEVRY UNIVERSITY, INC., | § |
| | § |
| *Defendants.* | § |

# SCHEDULING ORDER

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for a determination of Defendants' Motion to Dismiss and the entry of a new Scheduling Order [#68]. On this day, the undersigned issued a Report and Recommendation recommending Defendants' Motion to Dismiss be denied. Accordingly, after reviewing the parties' Joint Proposed Scheduling Recommendations [#73] and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the following Scheduling Order is issued to control the course of this case:

1. The Parties have made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and will supplement such disclosures as necessary pursuant to the Rules.

2. The Parties filed a report on alternate dispute resolution on <u>August 16, 2018</u> [#32]. The Parties reaffirm and incorporate their respective positions set forth in that report.

3. Parties asserting claims for relief submitted written offers of settlement before filing suit, and each opposing party responded in writing on <u>August 14, 2018</u>.

4. On or before <u>May 21, 2020</u>, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is <u>60 days</u> before the date of trial in this matter.

5. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>September 4, 2020</u>.

6. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>October 16, 2020</u>.

7. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within 14 days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. Parties shall initiate all discovery procedures in time to complete discovery on or before September 25, 2020. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations within 30 days of the Court's ruling on the pending Motion to Dismiss.

11. Within 30 days of the receipt of the expert's written report of the expert's proposed testimony, or within 30 days of the expert's deposition, whichever is later, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before November 30, 2020, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

14. If at any time during the pendency of this lawsuit, you would like to consent to the trial of your case by a United States Magistrate Judge, please indicate your consent on the attached form or request a form through the Clerk's Office. If all parties consent to trial of this case by a United States Magistrate Judge, this Court may enter an order referring the case to a United States Magistrate Judge for trial and entry of judgment.

**IT IS SO ORDERED.**

SIGNED this 13th day of December, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

*Plaintiff,* §
§
§
vs. §
§
§
*Defendant.* §
§
§

# CONSENT TO PROCEED TO TRIAL BEFORE
# A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their rights to proceed before a judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of judgment. Any appeal shall be taken to the United States Court of Appeals for this judicial circuit, in accordance with 28 U.S.C. § 636(c)(3).

_____         By:_____
Party                                                              Attorney
_____         By:_____
Party                                                              Attorney
_____         By:_____
Party                                                              Attorney

APPROVED this the _____ day of _____, 2019.

_____
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE