IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MR. LUIS RANGEL, et al. | § | |
| | § | |
| *Plaintiffs,* | § | SA-18-CV-00082-JKP |
| | § | |
| vs. | § | |
| | § | |
| ADTALEM GLOBAL EDUCATION, | § | |
| INC., FORMERLY KNOWN AS DEVRY | § | |
| EDUCATION GROUP, INC.; AND | § | |
| DEVRY UNIVERSITY, INC., | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is the Motion to Appoint Guardian Ad Litem for Plaintiff Eddie Silas [#138] filed by counsel for Silas. This case was referred to the undersigned for all non-dispositive pretrial proceedings, and the undersigned has authority to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A). In resolving this motion, the Court has also considered Defendants' Response in Opposition [#139] and the sealed *ex parte* Reply in Support [#142]. For the reasons that follow, the Court will grant the motion.

By his motion, Plaintiff's counsel asks this Court to appoint a guardian *ad litem* to review and sign a release agreement on behalf of Plaintiff Eddie Silas that is a part of the settlement agreement negotiated in this case. Although Silas has already approved the settlement, he has not yet signed the release, and despite consistent efforts, Plaintiff's counsel has been unable to reach Silas or any of his family members or acquaintances to inquire about Silas's whereabouts. Counsel received a brief email from Silas on February 4, 2021, but he has not responded to any of counsel's attempts at communication and his telephone service has been disconnected for months. Plaintiff's counsel believes Silas to be alive but "missing."

1

There were originally over one hundred Plaintiffs in this action.  All but Silas and one other Plaintiff (Lisa Howard) have already dismissed their claims pursuant to a global settlement agreement.  Howard also stopped communicating with counsel and failed to opt out of a related class action pending in Illinois—a prerequisite to participating in the settlement.  The Court granted counsel's request to withdraw as counsel of Howard on January 5, 2021, and ordered Howard to file a notice with the Court within 30 days as to whether she intended to proceed *pro se* or obtain substitute counsel.  The Court warned that a failure to do so could result in the dismissal of her claims for failure to prosecute pursuant to Rule 41(b).  To date, Howard has not filed the ordered advisory or retained substitute counsel.

In that same Order, the Court ordered Silas to file a joint stipulation of dismissal with prejudice on or before February 4, 2021, and then extended the time for this filing on two separate occasions to February 25, 2021.  Because Plaintiff's counsel was unsuccessful in reaching Silas, he filed the motion for appointment of a guardian *ad litem*.  Defendants oppose Plaintiff's motion, arguing that communication challenges between a client and counsel are insufficient on their own to justify the appointment of a guardian for Silas.  If a guardian is appointed, Defendants ask the Court to limit the appointment to accepting and signing the settlement agreement and authorizing the dismissal of this case with prejudice.

Rule 17 of the Federal Rules of Civil Procedure govern the appointment of a guardian *ad litem*.  *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.").  The Fifth Circuit has interpreted this rule to mean: "(1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor [or incompetent

person] in lieu of appointment of a guardian *ad litem*; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant [or incompetent person] is protected without a guardian." *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) (internal citations omitted). In Texas, the standard to establish incompetency is whether an individual, by reason of mental or bodily infirmity, is incapable of properly caring for their own interests in the litigation. *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006). The "burden of proof rests upon the party alleging incapacity to refute the legal presumption that Plaintiff is alive and competent to handle [his] affairs." *Id.*

In support of his motion, Plaintiff's counsel cites to *Burress v. Blake*, No. 4:14-CV-35, 2016 WL 11475018 (E.D. Tex. Dec. 1, 2016), in which the court appointed a guardian *ad litem* to represent the plaintiff's interests in an upcoming jury trial, after the plaintiff had been missing for a year and a half during the pending litigation. *Id.* at *1. The motion for appointment of a guardian *ad litem* in *Burress* was supported by the declaration of the plaintiff's biological mother, testifying that no one in the family had heard from plaintiff since her disappearance; that she had been formally classified as a missing person; and that the family believed her to be dead. *Id.* The court in *Burress* concluded that the evidence established that the plaintiff was missing. *Id.* at *3. The court found that the plaintiff could not be declared legally dead under Texas law, which does not presume someone dead until the person has been missing for seven successive years. *Id.* (citing Tex. Civ. Prac. Rem. Code § 133.00). Because Plaintiff's car had been found in a ditch, the court further presumed that she was not missing of her own accord but likely the victim of foul play or a head injury and was therefore not competent to act on her behalf with respect to this litigation. *Id.*

The circumstances in this case are not comparable to those at issue in *Burress*. At the time counsel filed the motion before the Court, Silas had only been "missing" or unresponsive to counsel's attempts at communication for several weeks, as Silas had emailed counsel on February 4, 2021.

Under these circumstances, the Court would normally find that there is insufficient evidence that Silas is incapable of caring for his interests in this litigation and decline to appoint a guardian *ad litem*. The mere fact that counsel has been unable to communicate with a client may be grounds for withdrawal of the representation (as counsel did with respect to Howard) but, without more, is insufficient to warrant the appointment of a guardian. However, the *ex parte* sealed reply by Plaintiff's counsel brings other facts to light regarding Silas's status, which lead the Court to find that the appointment of a guardian is necessary to ensure that Silas's interests in this litigation are preserved.

According to his attorneys, Silas has already approved the terms of the settlement agreement. All that is necessary to resolve his claims is a signature from Silas approving the final release agreement. Yet, Plaintiff's counsel does not have a way of contacting Silas to obtain the signature because he is currently homeless and only has intermittent access to devices that enable him to communicate with his attorney. Further, counsel represents that Silas has verbally indicated that he agrees to the terms of the settlement and that Silas has made contact when he has had the means to do so. It would compound an already unfortunate situation if Silas were prevented from receiving the settlement funds, which he has already approved, under these circumstances. The Court will therefore appoint a guardian *ad litem* for Silas for the limited purpose of reviewing, and if the guardian determines appropriate, signing settlement documents

consistent with the settlement agreement that counsel represents Silas has already approved. This appointment is consistent with the limitations proposed by Defendants.

IT IS THEREFORE ORDERED that Motion to Appoint Guardian Ad Litem for Plaintiff Eddie Silas [#138] is GRANTED.

IT IS FURTHER ORDERED that Michael Galo is hereby APPOINTED as guardian *ad litem* for Plaintiff Eddie Silas, for the limited purpose of reviewing and signing, or disapproving, a release agreement consistent with the terms of the settlement agreement that Plaintiff Eddie Silas has already approved in this matter.

SIGNED this 16th day of March, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE